

RECEIVED
IN MONROE, LA
JAN 24 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | CIVIL ACTION NO. 07-0590 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| NATHAN EDGAR OLIVER, III | MAG. JUDGE KAREN L. HAYES |

## RULING

This is an action brought by the United States of America, acting through the Farmers Home Administration ("FmHA")[1], now known as the Farm Service Agency ("FSA"), of the United States Department of Agriculture ("USDA"), against Defendant Nathan Edgar Oliver, III ("Oliver"), to obtain an *in rem* judgment on the basis of two promissory notes ("Notes").

The parties have filed cross-motions for summary judgment. For the following reasons, FmHA's Motion for Summary Judgment [Doc. No. 6] is GRANTED, and Oliver's Motion for Summary Judgment [Doc. No. 9] is DENIED.

### I. FACTS AND PROCEDURAL BACKGROUND

On April 29, 1986, Oliver, as maker, executed and delivered a promissory note to FmHA in the principal amount of $32,610.00, bearing interest at the rate of 5.00% per annum. The Note was due and payable in twenty-one (21) installments beginning January 1, 1987, with a payment of $2,617.00, then twenty (20) installments of $2,617.00 to be paid on the first day of each consecutive year, and one final installment for any amount in default.

Oliver also executed and delivered a second promissory note on September 12, 1986, in

---

[1] For ease of reference, the Court will refer to Plaintiff as FmHA throughout this Ruling.

favor of FmHA in the principal amount of $161,000.00, bearing interest at the rate of 5.00% per annum. The second Note was due and payable in forty-one (41) installments, beginning January 1, 1987, with a payment of $2,448.00, then forty (40) equal installments of $9,462.00, due on the first day of each consecutive year until paid in full, and one final installment for any amount in default.

The Notes were re-amortized on April 3, 1990, and May 2, 1991.

Oliver was credited with payments on the first Note between September 12, 1986, and June 9, 2003. He was credited with payments on the second Note between September 12, 1986, and January 3, 2001. However, the last payment Oliver made was January 29, 1992. The credits listed in 2001 were government program offset credits, and the credit of June 9, 2003, on the first Note was an Internal Revenue Service offset from a tax refund.

According to the affidavit of Willie F. Cooper, State Executive Director of the Farm Service Agency (formerly FmHA), Oliver's loans are in default. There is presently outstanding on the April 29, 1986 Note the principal sum of $32,249.25, together with interest in the unpaid amount of $24,648.86, accrued through January 11, 2007, plus additional interest accruing at a daily rate of $4.4177.

Mr. Cooper further attests that there is presently outstanding on the September 12, 1986 Note the principal sum of $181,984.79, together with interest in the unpaid amount of $207,529.84, accrued through January 11, 2007, plus additional interest accruing at a daily rate of $39.8871.

On February 6, 2007, FmHA made a written demand for payment upon Oliver. Oliver refused to pay.

On March 26, 2007, FmHA filed a Complaint in this matter seeking an in rem judgment without a personal deficiency judgment against Oliver. Service was executed on May 21, 2007.

On June 11, 2007, Oliver timely filed an Answer, denying the allegations and alleging that the Notes were prescribed.

On July 30, 2007, FmHA filed a Motion for Summary Judgment [Doc. No. 6].

On August 14, 2007, Oliver filed an Opposition to Motion for Summary Judgment [Doc. No. 8].

On August 15, 2007, Oliver filed his own Motion for Summary Judgment [Doc. No. 9].

On September 10, 2007, with leave of Court, FmHA filed a Reply in support of its Motion for Summary Judgment [Doc. No. 20].

On September 24, 2007, Oliver filed a "Preliminary Response Brief" [Doc. No. 27].

On September 26, 2007, Oliver filed a Supplemental Response Brief [Doc. No. 28].

The Court is now prepared to rule.[2]

## II. LAW AND ANALYSIS

### A. Motions For Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence

---

[2]Because these are cross-motions for summary judgment, the parties have not technically complied with the usual order of filing responses. However, the Court is satisfied that both parties have fully briefed their positions in this matter.

3

of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id. The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

**B.     FmHA's Foreclosure on Mortgages**

"Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the government's rights and responsibilities." Farmers Home Admin. v. Muirhead, 42 F.3d 964, 965 (5th Cir.1995) (citing United States v. Kimbell Foods, Inc., 440 U.S. 715 (1979)). "To recover on a promissory note, the government must show [that] (1) the defendant signed [the note], (2) the government is the present owner or holder [of the note], and (3) the note is in default." United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001) (citing FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir.1993)).

4

The FmHA has established the elements of its claim for judgment on the notes and mortgages based on the undisputed facts in this case. However, Oliver contends that the FmHA's action is barred by the applicable statute of limitations.[3]

Statute of limitations is an affirmative defense on which the pleading party bears the burden of proof. F. T.C. v. Nat'l Bus. Consultants, Inc., 376 F.3d 317, 322 (5th Cir. 2004) (citing Fed.R.Civ.P. 8(c)). Hence, the burden is on Oliver to show that he is entitled to judgment as a matter of law based on the untimeliness of the FmHA's claim. United States v. Ret. Services Group, 302 F.3d 425, 430 (5th Cir. 2002).

The United States and its agencies are not subject to a statute of limitations unless Congress has provided otherwise. See Farmers Home Admin. v. Muirhead, 42 F.3d 964, 967 (5th Cir. 1995) (There is an "unwavering federal rule exempting the federal government from statutes of limitations other than those enacted by Congress."). In the case of FmHA loans, Congress has imposed two statutes of limitations: 28 U.S.C. § 2415 and 31 U.S.C. § 3716. See Lewis v. U.S. Dept. of Agriculture/Farm Service Agency, No. 06-60470, 2007 WL 1048916, at *2 (5th Cir. Apr. 5, 2007). Under Section 2415, actions for money damages brought by the United States "shall be barred unless the complaint is filed within six years after the right of the action accrues . . . . The provisions of this section shall not prevent the United States or an officer or agency thereof from collecting any claim of the United States by means of administrative offset, in accordance with section 3716 of Title 31." 28 U.S.C. § 2415(a) & (I); see also Lewis, 2007 WL 1048916, at *2. Under Section 3716, the United States may not

---

[3] Oliver does not contend that the Government's action is barred under the equitable principles of laches and estoppel. See [Doc. No. 9, p. 4]. Therefore, the Court will not address the Government's arguments under these theories.

5

administratively offset "a claim . . . that has been outstanding for more than 10 years . . . .." 31 U.S.C. § 3716(e)(1). The definition of "outstanding" under Section 3716 is the same as "accrue" under Section 2415(a). See Lewis, 2007 WL 1048916, at *2 (citing 31 C.F.R. § 901.3).

The FmHA contends that the six-year statute of limitations under Section 2415 is not applicable to the type of action here where it seeks a judgment in rem under its mortgage, but does not seek a personal money judgment against the defendant. The FmHA cites a long line of cases in this and other jurisdictions in support of its position.

Oliver argues that, if the Court accepts the position of the FmHA, the FmHA has an "impresriptable right to foreclose upon security property," which is at odds with Louisiana law on notes and mortgages. Because there is no federal law on mortgages, Oliver contends that the Court should apply state law and find that FmHA has no right of foreclosure based on prescribed notes. In support of his argument, Oliver cites the Court to the Fifth Circuit's decision in Muirhead.

However, it is the Muirhead decision which compels the Court to rule against Oliver. See 42 F.3d 964. In that case, the Muirheads executed promissory notes in 1979 and 1980 in favor of the FmHA. The notes were secured by deeds of trust on properties located in Mississippi. In April 1982, the FmHA accelerated the notes and demanded payment. A few days later, the Muirheads declared bankruptcy. See United States v. Muirhead, No. Civ. A. J91-0585(L)(C), 1993 WL 763504 (S.D. Miss. April 23, 1993). Although the FmHA obtained a relief from the bankruptcy stay, it took no further action until May 20, 1985, when it sent a second notice of acceleration. Id. at *1; 42 F.3d at 964-65. The FmHA again failed to take any action until October 1991. In preparing to foreclose on the deeds of trust, the FmHA learned that the deed of

6

trust on one of the properties contained scrivener's errors which prevented foreclosure. 1993 WL 963504 at *1. Therefore, the FmHA brought an action to reform the deed of trust.

In the federal action, the Muirheads answered and counterclaimed that, under Mississippi law, none of the liens were enforceable because the statute of limitations had run on the underlying notes.[4] The Muirheads argued that the federal six-year statute of limitations under § 2416(a) had run on the underlying notes. Because the statute of limitations had run and "there is no federal statutory rule governing whether a deed of trust survives the extinguishment of the underlying debt by the passing of the statute of limitations," the Muirheads argued that the district court should apply federal common law and adopt the Mississippi law as the federal rule of decision. Id. at *2. The district court concluded that it could not "accept the Muirheads' position." Id. The district court held that "with respect to actions by the government to foreclose mortgages or deeds of trust, Congress has not provided a limitations period, under § 2416(a) or elsewhere." Id. (citing a long list of cases where courts had addressed this issue) (citations omitted). The district court granted the FmHA's motion to dismiss the Muirheads' counterclaim and granted its motion for summary judgment.

On appeal, the Fifth Circuit affirmed the ruling of the district court. The Fifth Circuit explained that the FmHA characterized the Muirheads' argument as an attempt to impose a time bar on the federal government's foreclosure right. A time bar is a statute of limitations, and "[s]tate statute of limitations do not . . . run against the federal government." 42 F.3d at 965 (citing United States v. Summerlin, 310 U.S. 414, 416 (1940)). The Muirheads, in contrast,

---

[4]The FmHA sold the properties during the pendency of the federal action, so the Muirheads also moved to set aside the sales.

characterized the issue as one of substantive state property rights flowing from Mississippi's lien theory of mortgages. Id. at 966. Under Mississippi law, if the debt is barred, then the mortgage cannot be enforced because the lien is incident to the debt and cannot stand separately.

While clearly sympathetic to the Muirheads' plight, the Fifth Circuit found that the FmHA had properly characterized the issue. In reaching that decision, the Fifth Circuit noted three things: (1) the state statute relied on by the Muirheads read like a statute of limitations, (2) the Muirheads conceded that § 2415(a) prescribed the statute of limitations on the underlying debt and thus "they inferentially concede that some general federal law bears on the limitations period," and (3) "every appellate court that has addressed whether there is a time bar on federal agencies' pursuit of real property foreclosure actions has agreed with the FmHA's position and has concluded that no such bar exists." Id. The Fifth Circuit held that:

> Consequently, as the Muirheads must rely on an unabashed state statute of limitations, while venerable federal caselaw and the uniform rule among the circuit courts of appeals hold that no state limitations period, and specifically none governing foreclosures, is effective against the federal government, their appeal cannot succeed.

Id. at 967.

The Fifth Circuit has ruled on this issue and found in favor of the FmHA. Nevertheless, Oliver attempts to distinguish precedent by arguing that the first reason relied upon by the Muirhead court is absent in this case. Louisiana law treats the mortgage as an accessory obligation,[5] and, hence, the "Louisiana provisions do not read like a statute of limitations." [Doc.

---

[5] La. Civ. Code art. 3282 ("Mortgage is accessory to the obligation that it secures. Consequently, except as provided by law, the mortgagee may enforce the mortgage only to the extent that he may enforce any obligation it secures.").

8

No. 8, p. 10]. However, Louisiana Civil Code article 3498 provides a statute of limitations, or prescriptive period, for promissory notes of five years "from the day payment is exigible." Louisiana Civil Code article 3285 provides, in pertinent part: "where the principal debt is extinguished, the mortgage disappears with it." When these articles are read together, it is clear that Louisiana, like Mississippi, "forecloses an action or proceedings to enforce a lien not brought within the time for commencing a suit on the debt [i.e. note] involved." 42 F.3d at 966. The focus of the Fifth Circuit was on the function of the Mississippi statute, and Louisiana law functions the same. Accordingly, Oliver's attempt to distinguish Muirhead fails.

A district court is bound to follow the precedent of the appellate courts. While the Fifth Circuit recognized the problems inherent in the "the federal government's insistence that it may enforce ancient mortgages . . . essentially forever," it held that "present authority compels acceptance of FmHA's position." Id. This Court has no authority to depart from that holding.

## III. CONCLUSION

For the foregoing reasons, FmHA's Motion for Summary Judgment [Doc. No. 6] is GRANTED, and Oliver's Motion for Summary Judgment [Doc. No. 9] is DENIED.

MONROE, LOUISIANA this 24 day of January 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

9